IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEVE BIGELOW, LEON KERR, JIM LUTH, MARK MOUNTAIN, ROGER RUPPEL, STEVE SNYDER, and DOUG VINYARD, <br><br>    Plaintiffs, <br><br>   v. <br><br> ROD BLAGOJEVICH, JULIE CURRY, ROGER E. WALKER, JR., JUSTIN SMOCK, BUDDY MAUPIN, HENRY BAYER, and JAMES UNDERWOOD, <br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 05-3209 |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on the Motion of Defendants Buddy Maupin and Henry Bayer to Dismiss (d/e 4) (Motion to Dismiss). Plaintiffs bring the instant suit alleging First Amendment violations pursuant to 42 U.S.C. § 1983 against various Illinois state officials and Defendants Maupin and Bayer, who are officials of the American Federation of State, County and Municipal Employees, Council 31 (AFSCME). For the reasons set forth

1

below, Maupin and Bayer's Motion to Dismiss is allowed, in part, and denied, in part.

The Complaint (d/e 1) alleges that Plaintiffs, former captains with the Illinois Department of Corrections, were demoted and stripped of their seniority after attempting to unionize with the Illinois State Employees Association (ISEA). According to the Complaint, the employment decisions at issue were made by Defendant Blagojevich, who is the Governor of the State of Illinois, in conjunction and collaboration with Curry, Walker, Smock, Bayer, Underwood, and Maupin. Maupin and Bayer move to dismiss arguing: (1) they are immune from suit for damages under Atkinson v. Sinclair Refining Co., and (2) the Complaint fails to allege facts sufficient to state a claim under a § 1983 conspiracy theory. See Atkinson, 370 U.S. 238 (1962), overruled on other grounds by Boys Mkts., Inc. v. Retail Clerks Union, Local 770, 398 U.S. 235, 238 (1970). As set forth below, Maupin and Bayer's immunity argument fails. The Motion to Dismiss is allowed without prejudice with respect to Maupin and Bayer's second argument, and Plaintiffs' request for leave to amend the Complaint is also allowed.

ANALYSIS

Maupin and Bayer move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For purposes of the Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to the Plaintiffs. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

Maupin and Bayer first assert that they are immune from suit for damages for actions taken on behalf of their union, citing Atkinson. See Atkinson, 370 U.S. at 247-49. In pertinent part, Atkinson dealt with claims against individual union member defendants under § 301 of the Taft-Hartley Act. See 29 U.S.C. § 185. In Atkinson, the Supreme Court expressly noted the legislative history of § 301, which indicated that Congress intended that only a union was to be made to respond for union wrongs and that the union members were not to be subject to liability under § 301. Atkinson, 370 U.S. at 248-49. The Atkinson holding, thus, is not

3

as broad as Maupin and Bayer argue.  Under <u>Atkinson</u>, individual union members cannot be held liable for union wrongs under § 301.  The other cases cited by Maupin and Bayer for support also arise under § 301.  The instant Complaint, however, does not involve § 301.  Thus, Maupin and Bayer's first argument for dismissal is misplaced.  Maupin and Bayer fail to identify any case which would support a finding that they are entitled to blanket immunity for any claim against them individually for violating someone's civil rights over a matter that relates to union business, and the Court's independent research did not uncover one.  Maupin and Bayer's request to dismiss Plaintiffs' claims against them on immunity grounds is denied.

In the alternative, Maupin and Bayer argue that the conclusory conspiracy allegations of the Complaint are insufficient to state a § 1983 claim against private individuals.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  The two necessary elements in establishing a violation

of § 1983 are: (1) a deprivation of a federally guaranteed right (2) that is perpetrated under color of state law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970). A private citizen may become liable under § 1983 by conspiring with a public official to deprive someone of a constitutional right. <u>See</u> <u>Proffitt v. Ridgway</u>, 279 F.3d 503, 507 (7th Cir. 2002) (<u>citing</u> <u>Dennis v. Sparks</u>, 449 U.S. 24, 27-28 (1980)).

Maupin and Bayer assert that the Complaint fails to sufficiently allege that they acted under color of state law. In response, Plaintiffs request that they be allowed to amend their Complaint. Under Fed. R. Civ P. 15(a), leave to amend shall be freely given when justice so requires. With this standard in mind, the Court allows Plaintiffs' request to amend their Complaint. Thus, Maupin and Bayer's Motion to Dismiss is allowed in part. The claims against Maupin and Bayer are dismissed without prejudice, and Plaintiffs are granted leave to file an amended complaint.

THEREFORE, the Motion of Defendants Buddy Maupin and Henry Bayer to Dismiss (d/e 4) is ALLOWED, in part, and DENIED, in part. The claims against Maupin and Bayer are dismissed without prejudice, and Plaintiffs are granted leave to file an amended complaint on or before February 8, 2006.

5

IT IS THEREFORE SO ORDERED.

ENTER: January 24, 2006.

FOR THE COURT:

                                         s/ Jeanne E. Scott
                                         JEANNE E. SCOTT
                                         UNITED STATES DISTRICT JUDGE